IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21- |
| v. | : | DATE FILED: |
| EMANUEL TRUJILLO | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 1 count) |
| | : | 18 U.S.C. § 912 (impersonation of a federal agent – 1 count) |

INFORMATION

COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information:

1. Person # 1 was an alien who had illegally entered the United States and moved to Philadelphia, Pennsylvania where he resided for 5 years. While residing in Philadelphia, Person #1 established an auto repair business in Philadelphia.

2. Person #2 was a foreign national of Nation #1 who had legally immigrated to the United States and moved to Philadelphia, Pennsylvania, where she obtained employment as an office worker for Person #1's auto repair business. Person #2 subsequently developed a personal relationship with Person #1 and gave birth to their child.

3. In February 2018, local law enforcement authorities in Philadelphia arrested and charged Person #1 in local court for illegal possession of a firearm. Shortly after the arrest, United States immigration officials lodged an immigration detainer on Person #1 based on his illegal entry into the United States. In March 2018, the local criminal charges were dismissed after a federal grand jury indicted Person #1 for being an illegal alien in possession of a firearm,

in violation of Title 18, United States Code, Section 922(g)(5)(A).  In October 2018, Person #1 pled guilty to the charge.  Person #1 remained in custody pending his sentencing on the firearm charge and pending his deportation by immigration officials based on his illegal entry into the United States.

    4. In June 2018, a client of Person #1's auto repair business, who had learned of Person #1's arrest and possible deportation, introduced Person #2 to a man who claimed that he had previously worked for U.S. immigration authorities in New York.  The man, who told Person #2 that he could help Person #1 with his immigration problems, agreed to introduce Person #2 to a law enforcement officer.

    5. In August 2018, the man introduced Person #2 to defendant EMANUEL TRUJILLO.  Defendant TRUJILLO told Person #2 that he was a law enforcement agent with the Pennsylvania Attorney General's Office.  TRUJILLO told Person #2 that if she assisted him with investigations, her assistance would benefit Person #1 at the time he was sentenced and in the way immigration authorities handled his deportation proceeding.

**THE SCHEME**

    6. From in or about August 2018 through in or about February 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**EMANUEL TRUJILLO**

devised and intended to devise a scheme and artifice to defraud and participated in a scheme to defraud Person #2 and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS**

    It was part of the scheme to defraud that:

7.     Defendant EMANUEL TRUJILLO repeatedly made false representations to Person #2 that he worked for the Pennsylvania Attorney General's Office as an undercover agent, and because of his position as a law enforcement officer, he could provide official assistance with both immigration and criminal problems facing Person #1.

8.     Defendant EMANUEL TRUJILLO falsely outlined his duties as an undercover agent with the Pennsylvania Attorney General's Office, explaining to Person #2 that he made undercover purchases of narcotics and executed search warrants on drug dealers.

9.     Defendant EMANUEL TRUJILLO used various props to convince Person #2 that he was an undercover agent.  For example, defendant TRUJILLO showed Person #2 a gun and a badge. TRUJILLO also explained that the car he drove had heavily tinted windows to obscure his identity during undercover surveillance operations.

10.     Defendant EMANUEL TRUJILLO falsely represented that he needed money from Person #2 in order to finance the undercover operations he initiated based on information provided by Person #2.

11.     In doing so, defendant EMANUEL TRUJILLO took advantage of Person #2's lack of familiarity with the U.S. justice system, initially leading her to believe that this was a method that law enforcement used to fund undercover operations that potentially benefitted persons in a position like Person #1.

12.     Defendant EMANUEL TRUJILLO falsely represented that he needed money from Person #2 in order to pay other public officials who were involved in the criminal prosecution and deportation proceedings pending against Person #1 in federal court and in immigration court.

13. Defendant EMANUEL TRUJILLO falsely represented that he needed the following sums of money to carry out official acts to benefit Person #1: a) $6,000 cash for investigative "jobs" that would be credited to Person #1 to benefit his federal criminal case; b) $5,000 to pay an immigration agent who, according to defendant TRUJILLO, would lift a detainer lodged against Person #1 so that Person #1 could be released from custody; and c) $15,000 for "bail" and "supervision fee" to get Person #1 out of federal criminal custody and into the supervision of state law enforcement officials.

14. Defendant EMANUEL TRUJILLO falsely represented to Person #2 that he had conveyed information about the assistance she had provided him to public officials who were involved in the criminal prosecution and deportation proceedings pending against Person #1, and that the assistance would benefit Person #1 at the appropriate time.

15. Defendant EMANUEL TRUJILLO falsely represented to Person #2 that he could assist her friend with immigration issues in return for $11,000.

16. Defendant EMANUEL TRUJILLO falsely represented to Person #2 that he could assist her if law enforcement filed charges against her. In connection with this, defendant TRUJILLO falsely represented to Person #2, who had temporarily left the United States to visit family, that Philadelphia Police had secured a warrant to arrest her when she returned to the United States.

17. Defendant EMANUEL TRUJILLO advised Person #2 in a text message that he would use his law enforcement position to have the arrest warrant against her lifted because she was his confidential source. Defendant TRUJILLO told Person #2 that he needed $4,000 dollars to ensure that the police would not arrest her upon her return to the United States.

18. Defendant EMANUEL TRUJILLO used false representations about his employment as an undercover agent and ability to influence criminal and immigration proceedings to collect over $40,000 from Person #2 and her friends.

19. Defendant EMANUEL TRUJILLO subsequently discouraged Person #2 from reporting the payments to him to other law enforcement officials, advising her that she would be in trouble because the payments she made to him were illegal.

20. In or about November 2018, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendant

**EMANUEL TRUJILLO,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused wire transmissions to be sent in interstate and foreign commerce, that is, a series of text messages that traveled between the Eastern District of Pennsylvania in the United States and Person #2 while she was in Nation #1, in which Trujillo falsely represented to Person #2 that Philadelphia Police had a warrant to arrest Person #2 upon her return to the United States.

In violation of Title 18, United States Code, Sections 1343.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

Between on or about November 25, 2019 and on or about November 26, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### EMANUEL TRUJILLO

falsely assumed and pretended to be an officer and employee of the United States acting under the authority thereof, that is, a Special Agent of United States Immigration and Customs Enforcement, and in that assumed and pretended character falsely stated that he was a Special Agent of United States Immigration and Customs Enforcement engaged in an investigation of a person with outstanding immigration issues in violation of the laws of the United States, and sought to transport the person to the offices of United States Immigration and Customs Enforcement in Philadelphia.

In violation of Title 18, United States Code, Section 912

_Ronald Barack for_
_____
**JENNIFER A. WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

EMANUEL TRUJILLO

INFORMATION

Counts

18 U.S.C. Section 1343 (wire fraud – 1 count)
18 U.S.C. Section 912 (impersonation of a federal agent – 1 count)

A true bill.

_____
Foreman

Filed in open court this _____ day,
of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____